**UNITED STATES of America**

v.

**Spiro T. AGNEW.**

**Crim. No. 73–0535.**

United States District Court, D. Maryland.

March 22, 1977.

**1294**

Paul R. Kramer, Deputy U. S. Atty., Maryland, Baltimore, Md., for the government.

W. Lee Harrison, Towson, Md., for defendant.

THOMSEN, Senior District Judge.

On October 10, 1973, Spiro T. Agnew, the defendant herein, entered a plea of nolo contendere to a one count criminal information charging him with evasion of federal income taxes in violation of 26 U.S.C. § 7201. On the same day Judge Walter E. Hoffman, of the Eastern District of Virginia, sitting by designation, accepted that plea and imposed a sentence of a $10,000 fine and three years unsupervised probation. The plea was entered immediately after Agnew had resigned as Vice President of the United States. As part of an agreement leading to that resignation, the Attorney General recommended to Judge Hoffman in open court that no prison sentence be imposed.

On September 30, 1976, Sam Polur, a member of the bar of New York, residing in Florida, filed a civil action in this court against Agnew and Education for Democracy, Inc., claiming substantial damages against each of them for alleged violations of several federal statutes. On October 5, 1976, Polur moved, in that civil action, for "an Order to Show Cause why Spiro T. Agnew should not have his probation revoked during the balance of the term thereof, prior to the expiration of the three year period of probation duly imposed upon the said Spiro T. Agnew by this Court on October 10, 1973". Polur based his motion on the allegations contained in his civil complaint, and an "attorney's affirmation" in support of his motion.

The civil case was routinely assigned to me, and on October 8, 1976, a hearing was held on that motion, attended, at the court's request, by Paul R. Kramer, the Deputy United States Attorney, and W. Lee Harrison, an attorney who appeared specially on behalf of Agnew. After hearing from Polur and the attorneys whom the court had requested to attend, the court read and filed the following statement:

"Sec. 3653 of Title 18, U.S.C., provides in pertinent part that at any time within the probation period, or within the maximum probation period permitted by § 3651 (which is five years), the court for the district in which the probationer is being supervised may issue a warrant for his arrest for violation of probation occurring during the probation period. Requests for such warrants are usually made by the probation officer who has supervision of the probationer or by the chief probation officer of the district. In the case of *United States v. Spiro T. Agnew,* however, Judge Hoffman did not require that the probationer be under supervision.

"Nevertheless, a court can act on information brought to its attention by the United States Attorney or other representative of the Department of Justice or by other sources.

"Plaintiff in this civil case has made allegations some of which, if proved in this case or otherwise shown to be true, might justify this court in taking appropriate action under § 3653.

"At present, however, these are mere allegations with one exception—the material contained in the recommendation of the Three Judge Panel and the opinion and order of the Court of Appeals of Maryland in the disciplinary proceedings brought against Spiro Agnew. That proceeding dealt with his activities before his conviction and therefore cannot be the basis for the revocation of probation which plaintiff seeks. See 18 U.S.C. § 3653, summarized above.

"Moreover, the allegations are made by plaintiff in a civil action in which he seeks to obtain more than $1 million in damages from the defendant Agnew. They are not supported by a convincing affidavit or affirmation.

"The court concludes that it should not take any action in the criminal case at this time, except to request the Department of Justice to investigate the allegations, if the Department has not already done so, and to recommend to this court whether the court should take any action in the criminal case, and if so what action." [1]

This court received the report and recommendation of the Department of Justice on February 22, 1977. The report dealt with two groups of allegations made by Polur which, if shown to be true, might be appropriate grounds for revocation of probation. With respect to allegations that Agnew has failed to register as a foreign agent in connection with his work for Education for Democracy, Inc., the Department of Justice concluded, after meeting with Agnew, his attorney, and the Secretary-Treasurer of Education for Democracy, Inc., and after reviewing various corporate records, that "there was no reason to believe that Mr. Agnew, through Education for Democracy, has acted on behalf of or in the interest of any foreign principal in violation of the [Foreign Agents Registration] Act." With respect to allegations that Agnew failed to report or deliver to the State Department until April 1, 1974, a number of gifts which he had received from officials of foreign governments while he was Vice President, in violation of the Foreign Gifts and Decorations Act, the report concluded that although there had apparently been technical violations of the Act as a result of Agnew's delay in delivering to the State Department gifts received in 1971, "in view of the administrative rather than criminal background of the Act, it would be inappropri-ate to use the quasi-criminal sanction of probation revocation in this case." [2]

Upon receipt of the Department of Justice report, Judge Hoffman and I discussed the situation and agreed that we should ask Chief Judge Haynsworth of the United States Court of Appeals for the Fourth Circuit to decide whether Judge Hoffman or I should consider what if anything further should be done in this criminal case. That request was made, and Judge Haynsworth notified me of his conclusion that I should handle the matter. Promptly thereafter I requested the probation office of this court to recommend whether Agnew should be charged with violation of his probation. The request was assigned to Deputy Chief Probation Officer Falconer. Polur has publicly charged that the report of the Department of Justice was a "Republican whitewash". The court asked both Falconer and Kramer to determine whether the report had been approved by any member of the staff of the new, Democratic, Attorney General. Both have reported that it was so approved.

On March 14, 1977, after notice to Agnew's attorney and to Polur, a hearing was held for the purpose of deciding whether any further proceedings with respect to possible revocation of Agnew's probation are warranted. Three days before that hearing Polur filed in the United States Court of Appeals for the Fourth Circuit a petition for a writ of mandamus or a temporary stay to prohibit this court from holding that hearing. The senior judge of the panel to which that petition was referred agreed that this court should hold the hearing, but should delay decision until the Fourth Circuit rendered its decision on Polur's petition. On March 16 the Fourth Circuit denied the petition and directed the clerk to issue the mandate forthwith.

At the March 14 hearing in this court, Kramer presented the report of the Depart-

---

1. Polur took an appeal from that ruling in the civil case. No decision on that appeal has yet been rendered, but the appeal in the civil case does not require or justify this court to refrain from taking appropriate action in this criminal case.

2. A copy of that report is attached hereto as Appendix A.

ment of Justice dated February 18, 1977, recommending that no action be taken to revoke Agnew's probation, and a supplementary report, dated March 14, setting out in detail how the report had been developed. Kramer joined in the recommendation. Falconer, on behalf of the Probation Department, after describing the investigation he had made, recommended "that no citation for alleged violation of probation be ordered by the court". The court gave Polur an opportunity to express his views, and he did. Harrison, the attorney for Agnew, also made a brief statement and submitted a series of letters exchanged among Agnew and his attorneys, the University of Maryland and the State Department, dealing with the gifts received by Agnew; those letters offer little if any help to the court in deciding the present question.

The court concludes, on the basis of the material submitted in this proceeding, that it should follow the recommendations of the Department of Justice and the Probation Office, and should not require Agnew to show cause why his probation should not be revoked.

*Appendix A*

Assistant Attorney General
Criminal Division

Department of Justice

Washington 20530

Feb. 16, 1977

Honorable Roszel C. Thomsen
United States District Judge
United States District Court for the District of Maryland
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

Re: Sam Polur v. Spiro T. Agnew,
    No. T–76–1478 Civil

Dear Judge Thomsen:

In the above-captioned case, the plaintiff sought to institute proceedings for the revocation of the probation of Spiro Agnew. At a hearing on October 8, 1976, the Court ruled that probation revocation charges were not within the proper scope of the civil case. However, the Court did request the Department of Justice to investigate the allegations made by the plaintiff and to recommend whether probation revocation action should be taken in Mr. Agnew's criminal case. For the reasons explained below, we recommend that no action be taken to revoke Mr. Agnew's probation.

The plaintiff's proposed Order to Show Cause why Mr. Agnew's probation should not be revoked contained a number of suggestions that Mr. Agnew was not a worthy candidate for probation in the first place. We do not believe that such considerations are appropriate grounds for revocation of probation once it has been granted. Therefore, we have directed our inquiry only to the allegations of actual violations of probation during the probationary term. Those allegations are (1) that Mr. Agnew has failed to register as a foreign agent in connection with his work for Education for Democracy, Inc., and (2) that Mr. Agnew failed to report or deliver to the State Department until April 1, 1974, a number of gifts which he had received from officials of foreign governments while he was Vice President.

With regard to the allegation that Mr. Agnew has violated the Foreign Agents Registration Act, 22 U.S.C. § 611 et seq. by his failure to register, Department of Justice Attorneys met on January 14, 1977, with Mr. Agnew, his attorney, and the Secretary-Treasurer of Education for Democracy, Inc., to determine whether the corporation and/or Mr. Agnew had incurred an obligation to register under the Act. After review of the corporation's correspondence files, minutes of corporate meetings, check book, bank statements, membership and contribution lists, and other financial records, it was determined that there was no reason to believe that Mr. Agnew, through Education for Democracy, has acted on behalf of or in the interest of any foreign principal in violation of the Act.

The allegations that Mr. Agnew failed to make timely delivery to the State Department of gifts from foreign officials purport to charge a violation of the Foreign Gifts and Decorations Act, 5 U.S.C. § 7342. In pertinent part, the statute provides as follows:

(c) Congress consents to—

    \*     \*     \*     \*     \*     \*

(2) the accepting by an employee of a gift of more than minimal value when it appears that to refuse the gift would be likely to cause offense or embarrassment or otherwise adversely affect the foreign relations of the United States. However, a gift of more than minimal value is deemed to have been accepted on behalf of the United States and shall be deposited by the donee for use and disposal as the property of the United States under regulations prescribed under this section.

Regulations promulgated under the Act require that gifts of more than minimal value be deposited with the Chief of Protocol of the Department of State. 22 C.F.R. §§ 3.5(c) and 3.3(j). No specific deadline for delivery of gifts is set by the statute or regulations, and neither the statute nor its implementing regulations provide for any sanctions, civil or criminal, against violators of the Act. Thus, although a violation of the terms of the Act would seem to have been committed in light of the fact that Mr. Agnew waited approximately three years before delivering to the State Department the gifts he received in 1971, we have concluded that, in view of the administrative rather than criminal background of the Act, it would be inappropriate to use the quasi-criminal sanction of probation revocation in this case.

The contents of this report have not been disclosed to anyone outside of the Department of Justice.

I hope our views will be helpful to you.

Sincerely,

/s/ RICHARD L. THORNBURGH
Assistant Attorney General
Criminal Division